UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELAINE WHIGHAM WILLIAMS,

    Plaintiff,

v.                                    Case No:   6:16-cv-353-Orl-18TBS

MORRIS AND REYNOLDS INSURANCE
and MIAMI DADE POLICE
DEPARTMENT,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on pro se Plaintiff Elaine Whigham Williams' Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 2). Plaintiff's complaint seeks relief under Title VII of the Civil Rights Act of 1964 and 18 U.S.C. §§ 241, 242, 249, 113B, 2332a, and 2261A, for acts allegedly committed by Defendants Morris and Reynolds Insurance located in Miami, Florida, and the Miami Dade Police Department (Doc. 1, ¶¶ 1, 3-4). Most of the allegations in the complaint are in my unprofessional opinion delusionary. They are also otherwise incomprehensible. But, it is evident that Defendants are located in Miami, Florida, and that the events giving rise to the complaint occurred in Miami which is in the Southern District of Florida (Id., ¶¶ 1, 6-7). Therefore, the proper forum for this action, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c), is in the United States District Court for the Southern District of Florida.

A federal district court shall, pursuant to 28 U.S.C. § 1406(a), transfer a case filed in the wrong district to "another district or division in which it could have been brought." See Letizia v. Osceola Cty. Sheriff Dep't, No. 4:11cv39-MP/WCS, 2011 WL 825680, at *1

(N.D. Fla. Jan. 31, 2011) (internal quotations omitted). The Eleventh Circuit has recognized a district court's ability to raise the issue of defective venue *sua sponte* and transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). See id. (citing Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988)).

For these reasons, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I **RESPECTFULLY RECOMMEND** that this matter be **TRANSFERRED** to the United States District Court for the Southern District of Florida.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, pro se